IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMAAL ALI BILAL,
        Plaintiff,

vs.                                                     3:05cv245/MCR/MD

CITY OF PENSACOLA, et al.,
        Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a civil detainee proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* on July 5, 2005.  Because of the plaintiff's history of excessive and sometimes frivolous litigation, certain restrictions have been opposed upon the plaintiff with respect to his filing civil actions in this court seeking damages or injunctive and declaratory relief. (Case 3:99cv456/RV/SMN Jamaal Ali Bilal v. Michael Moore, et al., appendix one to doc. 3, Order and Report and Recommendation ("Appendix One")).[1]  In pertinent part, Appendix One provides that "[l]eave to proceed in forma pauperis will not be granted unless the magistrate judge determines that plaintiff has credibly alleged that he is in imminent danger of serious physical injury."   Plaintiff has made no such allegation in this case.

In the complaint, plaintiff claims that his arrest in May of 1995 was illegal based on the recently decided case of *Durie v. State of Florida*, ___ So.2d. ___, 2005 WL 433326 (5th DCA 2005).  He seeks compensatory and punitive damages, declaratory relief, and permission to re-open a previously filed habeas case, 3:02cv362.  He claims that "he has

---

[1] Plaintiff has attached Appendix One to doc. 3 in this case.

spent 10 years in prison and this mental institution as a result of the unlawful arrest had in 95-18882. He is therefore in immenent (sic) danger because he stands to remain indefinately(sic) committed because of the unlawful arrest and excessive bail in 95-18882." (Doc. 3 at 2). These allegations clearly do not meet the threshold for showing that he is in *imminent* danger of *serious bodily injury*. Therefore, the court denied his motion for leave to proceed *in forma pauperis* and directed him to pay the $250.00 filing fee within twenty days. (Doc. 7). He has not done so.

Plaintiff has now filed a motion for forty day time extension in which to pay filing fees or satisfy imminent danger of serious physical injury (doc. 8), and a motion for clarification or more definite statement/motion for permission to augment complaint or file amended complaint. (Doc. 9). Both motions should be denied. The court has reviewed the case cited by plaintiff in his motion for clarification, *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004). *Brown* involved an incarcerated plaintiff suffering from a host of medical issues who alleged a total withdrawal of treatment for serious diseases, as a result of which he suffered from severe ongoing complications, was more susceptible to various illnesses, and his condition was likely to rapidly deteriorate. 387 F.3d at 1350. The medical issues in *Brown* were not inextricably linked to that plaintiff's incarceration, but rather the treatment he received. In the case at bar, it is the mere fact of the plaintiff's incarceration that is the alleged cause of the "imminent danger" purporting to threaten this plaintiff. Thus, the court does not concur that *Brown* helps the plaintiff's cause.

Accordingly, it is ORDERED:

Plaintiff's motion for extension of time to pay the filing fee or satisfy the imminent danger of serious physical injury requirement (doc. 8) is DENIED.

Plaintiff's motion for clarification, more definite statement and permission to augment the complaint or file an amended complaint (doc. 9) is DENIED.

And it is respectfully RECOMMENDED:

That this case be dismissed for plaintiff's failure to pay the $250.00 filing fee as instructed.

At Pensacola, Florida this 12th day of August, 2005.

/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**